**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13472

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

PHILLIP SMITH,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:23-cr-00062-JRH-BKE-2

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Phillip Smith, proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). After careful consideration, we affirm.

## I.

In 2023, Smith was arrested and charged with several crimes including conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. § 846; distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). After his arrest, he was released on bond. One condition of the bond was that he not violate any federal, state, or local law.

While Smith was awaiting trial, his girlfriend reported to police that he had forced her to engage in a sexual act. Local police arrested Smith. He was charged with several crimes including aggravated sodomy and aggravated sexual violence. The district court revoked Smith's bond.

In the federal criminal case, Smith pleaded guilty to the drug conspiracy and firearm counts. In exchange, the government agreed to dismiss the drug distribution count.

At Smith's sentencing hearing, the district court determined that his total offense level was 32. He did not receive any downward adjustment to his offense level for acceptance of responsibility. Given his total offense level and his criminal history category of III, the court calculated Smith's guidelines range as 151 to 188 months' imprisonment. It imposed a sentence of 156 months' imprisonment. And it directed that this sentence would run concurrently with any sentence imposed in the pending state court

case in which Smith had been charged with aggravated sodomy, aggravated sexual violence, and other crimes.

About a year after the district court imposed the sentence, Smith, proceeding *pro se*, filed a motion seeking a sentence reduction under § 3582(c)(1)(A). He argued, based on the Sentencing Commission's policy statement at § 1B1.13(b)(6), that extraordinary and compelling reasons supported a sentence reduction. He asserted that he had "received an unusually long sentence," he had "served at least 10 years of the term of imprisonment," and there was a "change in the law" that produced a gross disparity between the sentence he was serving and the sentence likely to be imposed on the date he filed the motion. Doc. 402 at 5–6.[1] In his motion, Smith explained that he had not received credit for acceptance of responsibility at sentencing because of his pending state charges and after his sentencing, the state court case against him had been "placed on a 'dead docket.'" *Id.* at 6. Given this development, Smith argued, he "would be elig[i]ble for a lesser sentence if sentenced today." *Id.*

The government opposed Smith's motion for a sentence reduction. It argued that he was ineligible for a reduction because there was no extraordinary and compelling reason for it. In the alternative, the government argued that Smith should not receive a sentence reduction because he posed a danger to the community

---

[1] "Doc." numbers refer to the district court's docket entries.

and the sentencing factors in 18 U.S.C. § 3553(a) did not support a reduction.

The district court denied Smith's motion. It concluded that he was not eligible for a reduction because he had not established extraordinary and compelling reasons. According to the district court, Smith was not eligible for a reduction under § 1B1.13(b)(6) because he had "not served at least ten years of imprisonment on his federal sentence." Doc. 406 at 3. The court acknowledged that § 1B1.13(b)(1)–(5) listed additional circumstances that would establish extraordinary and compelling reasons for a sentence reduction. But it stated that Smith was not relying on any of these categories. The court also concluded, in the alternative, that Smith should not receive a sentence reduction because "given [his] criminal history, the facts of the instant offenses, and the recentness of his conviction," he remained a "danger to society." *Id.*

This is Smith's appeal.

## II.

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

*Pro se* filings are liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

## III.

A district court has no inherent authority to modify a defendant's sentence; it may do so "only when authorized by a statute

or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). A federal statute, § 3582(c)(1)(A), authorizes a district court to reduce a term of imprisonment when three requirements are satisfied: (1) there are "extraordinary and compelling reasons" for granting a sentence reduction under § 1B1.13 of the Guidelines; (2) the § 3553(a) factors favor a reduction; and (3) awarding a sentence reduction "wouldn't endanger any person or the community." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). If a defendant fails to satisfy even one of these requirements, the court cannot grant relief and need not analyze the remaining requirements. *See Giron*, 15 F.4th at 1348.

A policy statement in the Sentencing Guidelines lists categories of circumstances that qualify as "extraordinary and compelling reasons" justifying a sentence reduction. *See* U.S.S.G. § 1B1.13(b). These categories include the defendant's medical circumstances, his age, his family circumstances, or his status as a victim of sexual or physical abuse while in custody. *Id.* § 1B1.13(b)(1)–(4). In addition, the policy statement provides that a defendant is eligible for a sentence reduction if he "presents any other circumstance or combination of circumstances that . . . are similar in gravity to" the four enumerated categories. *Id.* § 1B1.13(b)(5). Finally, the policy statement provides that "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason."

6                    Opinion of the Court                    25-13472

*Id.* § 1B1.13(b)(6). The change in law must "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.*

We agree with the district court that Smith was not eligible for a sentence reduction. As an initial matter, he did not establish extraordinary and compelling reasons under § 1B1.13(b)(6). We agree with the district court that Smith was not eligible for a sentence reduction under this provision because he has not yet "served at least 10 years of the term of imprisonment." *Id.* § 1B1.13(b)(6).[2]

Smith nevertheless argues that he is eligible for a sentence reduction under § 1B1.13(b)(5). He points out that after he was sentenced, the state chose not to pursue the criminal case in which he was charged with aggravated sodomy, aggravated sexual violence, and other crimes. He asserts that this development means that at a

---

[2] The Supreme Court recently held that a prisoner failed to establish extraordinary and compelling reasons for a sentence reduction when he was sentenced under an earlier version of the mandatory penalty provision in 18 U.S.C. § 924(c), which Congress later amended through a non-retroactive change. *See Rutherford v. United States*, 146 S. Ct. 1320 (2026). The Court held that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an extraordinary and compelling reason that warrants a sentence reduction." *Id.* at 1330 (citation modified). The Court concluded that to the extent that § 1B1.13 "counsels otherwise," it "is invalid." *Id.* at 1335.

We do not decide today whether *Rutherford* forecloses Smith's request for compassionate release under § 1B1.13(b)(6). Even if we assume that *Rutherford* did not foreclose compassionate release under § 1B1.13(b)(6) for Smith, he was not entitled to relief under this provision because he has not yet served at least 10 years of his sentence.

new sentencing he would receive credit for acceptance of responsibility.

We conclude that Smith is not eligible for a sentence reduction under § 1B1.13(b)(5). At most, he has shown that after he received a lengthy custodial sentence in the federal case, the state elected not to pursue separate criminal charges against him. This development does not establish a circumstance or combination of circumstances that are similar in gravity to those circumstances expressly set forth in § 1B1.13(b)(1) through (b)(4), which relate to a defendant's medical condition, his old age, his family circumstances, or his status as a victim of abuse while incarcerated.

Because Smith failed to establish that he was eligible for a sentence reduction, the district court correctly denied his motion.[3]

**AFFIRMED.**

---

[3] Smith also argues on appeal that we should reverse the district court because it denied his motion for compassionate release before he could file a reply in support of his motion. But the district court's local rules do not permit a party to file a reply in support of a motion in a criminal proceeding. *See* S.D. Ga. L.R. Crim. 12. Therefore, the district court did not err in denying the motion for compassionate release before Smith could file a reply.